Dear Senator Johnson:
This letter is in response to your question asking as follows:
 Does House Bill #928, state preemption of firearms control, prohibit or invalidate city ordinances relating to the disposition of seized, stolen and unclaimed firearms by local police departments?
Your request stems from an inquiry made by the City of Independence, Missouri, a constitutional charter city operating under ArticleVI, Section 19(a), Missouri Constitution. The city's concern is whether House Bill No. 928, Second Regular Session, 82nd General Assembly, prevents the city from applying its ordinances relating to the disposition of firearms which are being held either as stolen property or as seized property by the city police department.
House Bill No. 928 is now found in Section 21.750, RSMo Supp. 1984, and provides as follows:
 1. The general assembly hereby occupies and preempts the entire field of legislation touching in any way firearms, components, ammunition and supplies to the complete exclusion of any order, ordinance or regulation by any political subdivision of this state. Any existing or future orders, ordinances or regulations in this field are hereby and shall be null and void except as provided in subsection 3 of this section.
 2. No county, city, town, village, municipality, or other political subdivision of this state shall adopt any order, ordinance or regulation concerning in any way the sale, purchase, purchase delay, transfer, ownership, use, keeping, possession, bearing, transportation, licensing, permit, registration, taxation other than sales and compensating use taxes or other controls on firearms, components, ammunition, and supplies except as provided in subsection 3 of this section.
 3. Nothing contained in this section shall prohibit any ordinance of any political subdivision which conforms exactly with any of the provisions of sections 571.010 to 571.070, RSMo, with appropriate penalty provisions, or which regulates the open carrying of firearms readily capable of lethal use or the discharge of firearms within a jurisdiction. This section shall take effect on January 1, 1985.
The title of House Bill No. 928 is:
 AN ACT relating to state preemption in the area of firearms regulation with an effective date.
The Sections which are referred to in Section 21.750.3 are, with the exception of Section 571.015 to be found in RSMo Supp. 1984. Such sections relate to weapons offenses. More specifically, Section 571.010, weapons definitions, Section 571.015, armed criminal action, Section 571.017, imposition of sentences, Section571.020, possession, manufacture, transportation, repair and sale of certain weapons, Section 571.030, unlawful use of weapons, Section571.050, defaced firearms, Section 571.060, unlawful transfer of weapons, and, Section 571.070, possession of concealable firearms.)
It is obvious that Section 21.750.1 when read alone appears to create a broad preemption relating to firearms. However, the title of the act clearly describes the act as relating to state preemption in the area of firearms regulation. Further, subsections 2 and 3 of Section 21.750 indicate that the legislative intent was to limit the state preemption to the area of firearms regulation and not to matters such as the authority of the City of Independence to dispose of seized or stolen property.
The rules of construction applicable here are that the court will presume that the legislature did not intend to enact an absurd law, State ex rel. Safety Ambulance Service, Inc. v. Kinder,557 S.W.2d 242 (Mo banc 1977) and that the letter of the statute may be enlarged or restrained according to the true intent of the framers of the law. Stack v. General Baking Co., 223 S.W. 89 (1920).
Thus, it is our view that such city ordinances which control the procedure for the disposition of seized, stolen or unclaimed firearms held by the city are not invalidated by the provisions of Section 21.750. This opinion, however, does not pass upon the validity of such ordinances in any other respect. For example, compare Section 542.301, RSMo Supp. 1984, pertaining to the disposition of certain unclaimed seized property.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General